UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

MARSHALL MORGAN,

Defendant.

Case No. 25-cr-331 (CJN)

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

On August 12, 2025, Defendant Marshall Morgan drove through the District of Columbia with an infant and a young child in his car, and a firearm, loaded, ready, and within reach.  He carried the loaded firearm despite having prior felony convictions for Use or Display of a Firearm in the Commission of a Felony and Robbery, which involved a gunpoint robbery in Virginia, and Possession with Intent to Distribute a Controlled Substance, in which drugs and a stolen firearm were recovered from a vehicle occupied by Morgan and a co-defendant in Maryland.  While on release in this case, Morgan flouted the conditions imposed by the Court, and his release was subsequently revoked.  To justly punish Morgan's serious offense, deter him from committing crimes in the future, and protect the public from the danger he poses, the Court should sentence Morgan to 52 months in prison.

I.    FACTUAL BACKGROUND

On August 12, 2025, at approximately 1:30 a.m., Metropolitan Police Department officers conducted a traffic stop of a white Ford Taurus for tinted windows.  *See* Presentence Investigation Report ("PSR"), ECF No. 48 ¶ 13.  Morgan was the driver of the vehicle, but he did not have a

1

valid driver's license.  *Id.*  A person who Morgan identified as his wife was seated in the front passenger seat.  An infant and a four-year-old child were seated in the rear passenger seats.

Police placed Morgan under arrest for driving without a license.  *Id.*  Officers then searched the Taurus and, under the driver's seat, found a Ruger P85 pistol loaded with one round in the chamber and fifteen rounds inside a fifteen-round-capacity magazine.  *Id.*



**Figure 1.  Firearm Under Driver's Seat in Morgan's Vehicle**



**Figure 2.  Firearm, Magazine, and Ammunition Recovered from Morgan's Vehicle**

During a search incident to arrest, officers recovered a single bag containing approximately three grams of a white powder and rock substance from Morgan's pocket.  Morgan identified the substance as cocaine, and a Drug Enforcement Administration chemist subsequently identified the substance as cocaine hydrochloride, also known as powder cocaine.



**Figure 3.  Cocaine Recovered from Morgan's Pocket**

The Taurus was registered to a person Morgan later identified as his "brother/close friend," *see* Pretrial Violation Report, ECF No. 44 at 4, but subsequent investigation revealed that Morgan was the vehicle's primary driver.  In particular, a query in a license plate reader ("LPR") database revealed that, in the two-month period preceding the offense, the overwhelming majority of LPR detections of the vehicle occurred in the immediate vicinity of Morgan's known address.  In addition, Morgan's DNA was found on both the recovered firearm and the recovered magazine.

At the time of the offense, Morgan was prohibited from possessing a firearm.  He pled guilty in 2017 in Annapolis, Maryland to Possession with Intent to Distribute a Controlled Substance, which is a crime punishable by more than a year of imprisonment, and he pled guilty in 2006 in Prince William, Virginia, to Use or Display of a Firearm in the Commission of a Felony and Robbery and was sentenced to eight years of incarceration.  PSR, ECF No. 48 ¶ 15.  Yet

Morgan's eight-year period of incarceration apparently did not sufficiently deter him from continuing to carry a loaded firearm in our community.

## II.    PROCEDURAL HISTORY

On September 2, 2025, a criminal complaint charged Morgan with unlawfully possessing a firearm and ammunition after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1).   Complaint, ECF No. 1.   An indictment later charged Morgan with the Section 922(g)(1) violation as well as a violation of 21 U.S.C. 844(a), Possession of a Controlled Substance, Cocaine (Prior Drug Offense).  Indictment, ECF No. 23.

The United States moved for Morgan's pretrial detention.  *See* Min. Entry (Sept. 10, 2025). Magistrate Judge Upadhyaya ordered Morgan released to home incarceration.  *See* Min. Entry (Sept. 12, 2025); Release Order, ECF No. 10 at 2.  On appeal, Chief Judge Boasberg concurred with Judge Upadhyaya.  *See* Min. Entry (Sept. 17, 2025).  On October 15, 2025, the Defense moved to modify Morgan's release conditions to enable Morgan to work as an automobile detailer. Motion to Modify Conditions of Pretrial Release, ECF No. 20.  Over the United States' objection, Judge Upadhyaya granted the motion.  *See* Min. Entry (Oct. 15, 2025).

On March 3, 2026, Morgan pled guilty in this case pursuant to a plea agreement.  *See* Plea Agreement, ECF No. 39.  Under the agreement, Morgan pled guilty to the Section 922(g)(1) violation in exchange for the United States moving to dismiss the remaining count in the indictment at sentencing.  *Id.* ¶¶ 1, 3.

Between October 2025 and April 2026, Morgan repeatedly violated his release conditions. *See* Pretrial Violation Report, ECF No. 26; Pretrial Violation Report, ECF No. 27; Pretrial Violation Report, ECF No. 29; Pretrial Violation Report, ECF No. 44.  Among other violations,

on several occasions from October 2025 to April 2026, Morgan left home purportedly to perform automobile detailing, yet Morgan was unable to provide the Pretrial Services Agency ("PSA") with proof that he performed sanctioned work while he was away from home.  Pretrial Violation Report, ECF No. 44 at 4.  In April 2026, Morgan gave PSA incomplete Cash App[1] statements, which omitted multiple months of transactions and omitted identifying information about the Cash App account holder.  *Id.*  In addition, Morgan repeatedly violated his curfew, *id.* at 3, visited a steakhouse without permission, *id.* at 4, traveled to Myrtle Beach, South Carolina without his third-party custodian, *id.*, and repeatedly tested positive for illicit substances.  *Id.* at 5.

On April 30, 2026, PSA and the United States moved to revoke Morgan's release pending sentencing, and this Court granted the motion.  *See* Min. Entry (Apr. 30, 2026).  Since then, Morgan has been detained pending sentencing.

### III.    SENTENCING GUIDELINES ANALYSIS

As part of the plea agreement, the Parties agreed that the following Guidelines provisions apply:

| | | |
|---|---|---|
| USSG § 2K2.1(a)(2) | Base offense level (two prior felony convictions for crime of violence/controlled substance offence) | 24 |
| USSG § 3E1.1 | Acceptance of responsibility | -3 |
| | **Total offense level** | **21** |

*See* Plea Agreement, ECF No. 39 ¶ 4.A.

The Presentence Investigation Report arrives at the same total offense level but applies different Guidelines provisions, namely, § 2K2.1(a)(4)(A) (one prior felony conviction for crime of violence/controlled substance offence), which carries a base offense level of 20, and § 2K2.1(b)(7)(b) (possession of a firearm in connection with another felony offense), which carries

---

[1] Cash App is a digital wallet application that allows users to send and receive money.

a four-level enhancement. PSR, ECF No. 48 ¶¶ 20–21. The PSR does not explain why the Probation Office applied § 2K2.1(a)(4)(A) instead of § 2K2.1(a)(2) even though the PSR lists Morgan's prior convictions for Robbery and Use or Display of a Firearm, *id.* ¶ 35, which is a crime of violence, and Possession with Intent to Distribute a Controlled Substance, *id.* at 37, which is a controlled substance offense. Regardless, "[t]he district court has the ultimate responsibility to ensure that the Guidelines range it considers is correct, and the '[f]ailure to calculate the correct Guidelines range constitutes procedural error.'" *Rosales-Mireles v. United States*, 585 U.S. 129, 134 (2018) (quoting *Peugh v. United States*, 569 U.S. 530, 537 (2013)).

On June 2, 2026, the United States filed its objections to the PSR calculations. *See* Government's Addendum to the Presentence Report, ECF No. 50. As set forth more fully in that Addendum, Morgan's prior conviction for Use or Display of a Firearm in the Commission of a Felony is a crime of violence. *See United States v. Scott*, No. 3:23-CR-165, 2025 WL 376043, at *3 (E.D. Va. Feb. 3, 2025) ("Time and again, federal courts in Virginia . . . have found convictions under Virginia Code § 18.2-53.1 [the statute Morgan was convicted under] to be categorically violent, notwithstanding the nature of the underlying felony."); *Williams v. United States*, No. 1:04-CR-160 (LMB), 2023 WL 6849433, at *5 (E.D. Va. Oct. 16, 2023) ("[A] conviction under § 18.2-53.1 for use or display of a firearm during a robbery categorically qualifies as a violent felony under the ACCA because the firearm elements of § 18.2-53.1 when read in conjunction with the elements of the underlying felony, require the Commonwealth to prove that a defendant used a firearm or attempted to use a firearm in a threatening manner against another person and had a *mens rea* greater than recklessness . . . ."). The Parties and Probation agree that Morgan's 2017 Maryland Possession with Intent to Distribute a Controlled Substance conviction is a controlled substance offense as defined in USSG § 4B1.2(b). PSR, ECF No. 48 ¶ 20; Plea Agreement, ECF

6

No. 39 ¶ 4.A.

The Parties also agree with the PSR's computations regarding criminal history, which place Morgan in criminal history category III. *See* PSR, ECF No. 48 ¶¶ 34–38; *see also* Plea Agreement, ECF No. 39 ¶ 4.B. With a total offense level of 21 and a criminal history category of III, Morgan's Guidelines range is 46 to 57 months of imprisonment. *See* USSG § 5.A. According to the PSR, over the last five fiscal years, among defendants like Morgan whose primary guideline was §2K2.1, with a final offense level of 21 and a criminal history category of III, after excluding defendants who received a §5K1.1 substantial assistance departure, 98% of defendants received a sentence of imprisonment in whole or in part and the average and median length of imprisonment imposed was 46 months. PSR, ECF No. 48 ¶ 118.

## IV.    SENTENCING ARGUMENT

The Court should sentence Morgan to 52 months of imprisonment, which is at the middle of the applicable Guidelines range. Although the Sentencing Guidelines are advisory, under *United States v. Booker*, a sentencing court "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *United States v. Brown*, 892 F.3d 385, 399 (D.C. Cir. 2018). The Supreme Court has noted that while the Guidelines provide "the starting point and the initial benchmark" for sentencing, the district court should consider all the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). The Guidelines' recommended sentencing range will ordinarily "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 108–09 (2007).

The listed factors in 18 U.S.C. § 3553(a) include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

7

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

(i) issued by the Sentencing Commission . . .; and

(ii) that, . . . are in effect on the date the defendant is sentenced; . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission . . . and

(B) that, . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

A 52-month sentence is sufficient, but not greater than necessary, to advance the statutory purposes of sentencing.  *See* 18 U.S.C. § 3553(a).  Specifically, based on the circumstances of the offense, Morgan's history, and Morgan's flagrant violations of his release conditions, a 52-month sentence would adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment; afford adequate deterrence; and protect the public.

1. **The Circumstances of Morgan's Offense and Morgan's Concerning Criminal History Warrant Serious Punishment.**

Morgan did not only possess a firearm when he was not supposed to.  He possessed a firearm loaded with a round in the chamber, ready to fire, and fifteen rounds in the magazine.  And

he left the firearm unholstered, under the driver's seat of his car, as he drove through a residential neighborhood with an infant and a four-year-old child in the backseat. Morgan's possession of a loaded firearm in an easily accessible place suggests he was ready to use it. And because the firearm had a round in the chamber, even an accidental pull of the trigger could have fired a weapon capable of inflicting deadly injury. Improperly carrying a loaded firearm makes the risk of accidental discharge a real one.

To make matters worse, Morgan carried the loaded firearm after previously serving a substantial sentence for an armed robbery. In that case, on January 11, 2006, at approximately 7 a.m., Morgan and a co-conspirator robbed a bank in Manassas, Virginia. During the robbery, Morgan carried a loaded 9-milimeter Glock pistol, wore a mask, and tied up a bank teller. Morgan later admitted he was under the influence of marijuana during the robbery. *See* PSR ¶ 35. Morgan was also previously convicted of Possession with Intent to Distribute a Controlled Substance, and a loaded pistol was also recovered from the vehicle involved in that case. *Id.* ¶ 37. Morgan's decisions to flout both the laws prohibiting him from carrying a firearm and his release conditions reflect a complete disregard for the law that the Court's sentence should address.

A 52-month sentence is necessary to accomplish that aim and to justly punish Morgan's serious conduct.

2. **A Substantial Sentence is Necessary to Deter Morgan and Others from Unlawfully Carrying Firearms and to Promote Respect for the Law.**

Morgan has shown that he is not easily deterred. He has a prior conviction involving a gunpoint bank robbery, *id.* ¶ 35, a narcotics conviction in which a firearm was recovered, *id.* ¶ 37, and another conviction for possession of a BB Gun, in which the BB gun was recovered from under Morgan's driver's seat. *Id.* ¶ 36. In addition, while on release in this case, Morgan flouted

the conditions set by the Court.  Pretrial Violation Report, ECF No. 44.  Given Morgan's recalcitrance, a 52-month sentence is necessary to deter him from endangering the community again.

Furthermore, the Court's sentence should seek to deter others from committing similar firearm offenses.  The deadly nature of a firearm cannot be overstated.  Those who carry firearms unlawfully put the whole community in danger.  They should know their conduct risks serious punishment.

**3.      The Court's Sentence Must Protect the Public from the Danger Morgan Poses.**

Morgan presents a real danger to the community.  Despite prior convictions involving violence, firearms, and drugs, Morgan again chose to carry a loaded firearm in our community.  This time, he carried a loaded firearm unholstered in his car, in the middle of the night, with an infant and a four-year-old in the backseat.  The firearm had a round in the chamber and was ready to fire.  And when given a chance to do honest work while on release in this case, Morgan traveled around the District of Columbia and Virginia as he pleased without completing verifiable work or respecting his curfew, visited a steakhouse without permission, went on a beach vacation without his third-party custodian, and continued to use illicit substances.

Morgan has a consistent history of putting the community in serious physical danger.  To guard against that danger, the Court should impose a 52-month prison sentence.

**V.      CONCLUSION**

The Court should sentence Morgan to 52 months of imprisonment.

10

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:    /s/ *Jacob M. Green*
        JACOB M. GREEN
        Assistant United States Attorney
        MA Bar No. 706143
        601 D Street NW
        Washington, D.C. 20530
        Phone: 202-803-1617
        Jacob.green3@usdoj.gov